# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| AIMEE OLTHOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ABENDROTH AND RUSSELL, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AIMEE OLTHOFF, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ABENDROTH AND RUSSELL, P.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. AIMEE OLTHOFF, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Humboldt, County of Humboldt, State of Iowa.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to HSBC Bank Nevada National Association (hereinafter, "HSBC").

1

6. The debt that Plaintiff originally allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure (hereinafter, "the debt").

7. Upon information and belief, LVNV Funding LLC (hereinafter, "LVNV") purchased, acquired and/or otherwise obtained the debt Plaintiff originally allegedly owed HSBC.

8. Upon information and belief, prior to the acquisition of the debt by LVNV, HSBC charged off the debt that Plaintiff originally allegedly owed to HSBC.

9. Upon information and belief, prior to the acquisition of the debt by LVNV, HSBC closed the account Plaintiff had with HSBC.

10. Upon information and belief, prior to the acquisition of the debt by LVNV, HSBC cancelled the credit card relative the account on which the debt was allegedly incurred by Plaintiff.

11. As a result of LVNV Funding LLC having, upon information and belief, purchased, acquired and/or otherwise obtained the debt Plaintiff originally allegedly owed HSBC, Plaintiff was allegedly obligated to pay a debt to LVNV.

12. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13. ABENDROTH AND RUSSELL, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Iowa.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

17. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

18. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. **ALLEGATIONS**

19. On or about September 13, 2011, Defendant sent a correspondence to Plaintiff. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

20. Plaintiff received the aforesaid correspondence sent by Defendant.

21. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

22. Defendant sent the aforesaid correspondence to Plaintiff in an attempt to collect a debt she allegedly owed to LVNV.

23. In the aforesaid correspondence, Defendant stated that Plaintiff owed a principal balance of $1,634.79.

24. In the aforesaid correspondence, Defendant stated that the original creditor to whom Plaintiff owed the debt was HSBC.

3

25. In the aforesaid correspondence, Defendant stated that creditor to whom Plaintiff currently owed a debt was LVNV.

26. In the aforesaid correspondence, Defendant stated "**IOWA NOTICE OF RIGHT TO CURE DEFAULT.**" (*Emphasis included*).

27. In the aforesaid correspondence, subsequent to the aforesaid statement, Defendant provided Plaintiff with information relative to her right to cure pursuant to Iowa state law.

28. In the aforesaid correspondence, Defendant provided Plaintiff with information relative to her right to cure pursuant to Iowa Code §537.511(1).

29. In the aforesaid correspondence, Defendant stated to Plaintiff as follows:

> "You are now in default of this credit transaction. You have a right to correct this default until **October 13, 2011**. If you do so, you may continue with this credit transaction as though you did not default. Your default consists of your failure to make the scheduled payments. Correction of this default may be made by sending to this office, by the date set above, the sum of **$1,634.79** which is the principal and interest and is the amount that you are now in default. If you do not correct this default by the above date, your creditor may exercise rights against you under the law. If you default again in the next year, your creditor may exercise its rights without sending you another notice like this one." (*Emphasis included*).

30. The aforesaid representations had the effect of conveying to an unsophisticated consumer that if Plaintiff paid $1,634.79 to Defendant by October 13, 2011, then Plaintiff would be able to continue with her credit agreement with HSBC as though she had not defaulted.

31. The aforesaid representations further had the effect of conveying to an unsophisticated consumer that if Plaintiff paid $1,637.79 to Defendant by October 13, 2011, then Plaintiff's account with HSBC would be re-opened.

4

32. The aforesaid representations further had the effect of conveying to an unsophisticated consumer that if Plaintiff paid $1,637.79 to Defendant by October 13, 2011, then Plaintiff would be re-issued a credit card by HSBC.

33. The aforesaid representations further had the effect of conveying to an unsophisticated consumer that if Plaintiff paid $1,637.79 to Defendant by October 13, 2011, then she would be able to use the credit card that was issued to her by HSBC as she had in the past.

34. Upon information and belief, at the time Defendant made the aforesaid representations, HSBC had charged off the debt that Plaintiff originally allegedly owed to HSBC.

35. Upon information and belief, at the time Defendant made the aforesaid representations, HSBC had closed the account Plaintiff had with HSBC.

36. Upon information and belief, at the time Defendant made the aforesaid representations, HSBC had cancelled the credit card relative the account on which the debt was allegedly incurred by Plaintiff.

37. Defendant's representations, i.e., that if Plaintiff corrected the default relative to the debt then she would be able to continue with her credit agreement, were false, deceptive and/or misleading given that even if Plaintiff made the aforesaid payment to Defendant she would not have been able to continue with her credit agreement as though she had not defaulted.

38. Defendant's representations, i.e., that if Plaintiff corrected the default relative to the debt then she would be able to continue with her credit agreement as though she had not defaulted, were false, deceptive and/or misleading given that even if Plaintiff made the aforesaid payment to Defendant she would not have been able to continue to use the credit card that HSBC

5

had previously issued to Plaintiff as the aforesaid account had been closed and charged off by HSBC.

39. Defendant's representations, i.e., that if Plaintiff corrected the default relative to the debt then she would be able to continue with her credit agreement as though she had not defaulted, misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that even if Plaintiff made the aforesaid payment to Defendant she would not have been able to continue to use the credit card that HSBC had previously issued to Plaintiff as the aforesaid account had been closed and charged off by HSBC.

40. Defendant's representations, i.e., that if Plaintiff corrected the default relative to the debt then she would be able to continue with her credit agreement as though she had not defaulted, were further false, deceptive and/or misleading given that even if Plaintiff corrected the default, upon information and belief, Defendant had no power or authority to issue Plaintiff a new credit card so that she could continue to use the line of credit she had previously obtained with HSBC.

41. Nowhere in the aforesaid correspondence did Defendant state that, even though it was required to provide Plaintiff with a notice under Iowa state law, sections of the state law notice were inapplicable and unavailable to Plaintiff as HSBC had, upon information and belief, previously closed, cancelled, and charged off Plaintiff's account relative to the debt on which Defendant was attempting to collect.

42. Nowhere in the aforesaid correspondence did Defendant state that even if Plaintiff corrected the default, she would not be able to continue with her credit agreement as though she did not default.

6

43. Nowhere in the aforesaid correspondence, did Defendant state that even if Plaintiff corrected the default, she would not be able to continue to use the credit card that HSBC had previously issued to her.

44. Defendant, by failing to provide Plaintiff with information apprising her that sections of the Iowa state notice were inapplicable to Plaintiff attempted to coerce Plaintiff into making a payment to Defendant in the amount of $1,634.79 by October 13, 2011.

45. Defendant attempted to coerce Plaintiff into making a payment to Defendant by falsely representing that if she did so, she would be able to continue with her credit agreement as though she had not defaulted.

46. Defendant attempted to coerce Plaintiff into making a payment to Defendant by falsely representing that if she did so, she would be able to continue to use the credit card that HSBC had previously issued to her.

47. Defendant's conduct, as delineated above, was an unfair and/or unconscionable method used by Defendant to attempt to collect a debt that Plaintiff allegedly owed.

48. In its attempts to collect the debt allegedly owed by Plaintiff to LVNV, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

7

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AIMEE OLTHOFF, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**AIMEE OLTHOFF**

By:    s/ David Steen
       Attorney for Plaintiff

Dated: November 15, 2011

David J. Steen (AT0009574)
LARRY P. SMITH & ASSOCIATES, LTD.
614 East Street
Hartford, IA 50118
Direct Dial: (515) 724-3384
Facsimile: (888) 418-1277
E-Mail: dsteen@smithlaw.us

8